IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAN SHER KHAN, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 10-CV-535 (RWR) |
| BARACK OBAMA, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order of January 24, 2011, the parties, through undersigned counsel, hereby submit this joint report to advise the Court of the status of this habeas case.

Petitioner Jan Sher Khan is a citizen of Pakistan who is detained at Bagram Airfield in Afghanistan. On January 10, 2011, Respondents informed the Court that the Department of Defense had determined that Petitioner does not meet the criteria for internment for purposes of the Authorization for Use of Military Force ("AUMF"), Pub. L. 107-40, 115 Stat. 224 (2001), as informed by the laws of war. Respondents further informed the Court that Petitioner's repatriation to his home country of Pakistan for release had been approved by the Deputy Secretary of Defense and that the Departments of Defense and State were undertaking steps to effect Petitioner's transfer. At that time, Respondents anticipated that the repatriation would be accomplished within one month.

Since that time, the United States has made the requisite determination that Petitioner's repatriation to Pakistan would be consistent with the United States' policy on post-transfer humane treatment. Specifically, it is the policy of the United States not to transfer a person to a country if it determines that it is more likely than not that the person will be tortured.

Moreover, the Department of State, through the U.S. Embassy in Islamabad, has approached the Government of Pakistan and engaged with the Pakistani Ministry of Foreign Affairs concerning appropriate understandings regarding the repatriation and release of Petitioner.  Discussions with the Government of Pakistan concerning this matter remain ongoing. At the same time, the Department of Defense is working on the logistical arrangements for the transfer and expects to be able to facilitate the transfer as soon as the necessary diplomatic arrangements are made.  While Respondents are continuing to pursue appropriate diplomatic arrangements with respect to Petitioner's repatriation and release, they are unable to predict at this time when such arrangements are likely to be in place.  Respondents will submit another status report regarding the status of Petitioner's repatriation on or before March 16, 2011.

Petitioners remain concerned that Jan Sher Khan will remain imprisoned indefinitely in Bagram despite the Department of Defense's determination that he does not meet the criteria for internment for purposes of the AUMF, as informed by the laws of war, because repatriation has not been accomplished within one month as Respondents had originally anticipated and Respondents now state that they are unable to predict when Jan Sher Khan will be released and allowed to return home.

Dated:   February 16, 2011

Respectfully submitted,

| Attorneys for Respondents | Attorneys for Petitioners |
|---|---|
| TONY WEST<br>Assistant Attorney General | CHADBOURNE & PARKE LLP |
| JOHN R. TYLER<br>Assistant Branch Director | By: /s/ *Oliver J. Armas*<br>Oliver J. Armas (pursuant to LCvR 83.2(g))<br>oarmas@chadbourne.com |
| By:   /s/   *Jean Lin*<br>JEAN LIN<br>Senior Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Washington, DC  20530<br>Tel:  (202) 514-3716<br>Fax: (202) 616-8470 | 30 Rockefeller Plaza<br>New York, New York 10112<br>Tel.: (212) 408-5100<br>Fax: (212) 541-5369<br><br>INTERNATIONAL JUSTICE NETWORK<br><br>Tina M. Foster (pursuant to LCvR 83.2(g))<br>tina.foster@ijnetwork.org<br><br>P.O. Box 610119<br>New York, NY 11361<br>Tel.: (917) 442-9580 |